**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LISA CAROLINE JONES; JOANNE JONES;
JOHN M. JONES,
<u>Plaintiffs-Appellants,</u>

No. 97-1519

v.

AMERICAN CYANAMID COMPANY,
<u>Defendant-Appellee.</u>

LISA CAROLINE JONES; JOANNE JONES;
JOHN M. JONES,
<u>Plaintiffs-Appellees,</u>

No. 97-1607

v.

AMERICAN CYANAMID COMPANY,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-94-1374-6-20)

Argued: January 30, 1998

Decided: March 17, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
VOORHEES, Chief United States District Judge
for the Western District of North Carolina,
sitting by designation.

_____

Affirmed in part and vacated in part by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marc Simon Moller, KREINDLER & KREINDLER, New York, New York, for Appellants. Roger William Yoerges, WILMER, CUTLER & PICKERING, Washington, D.C., for Appellee. **ON BRIEF:** Stanley P. Kops, KOPS & FENNER, Philadelphia, Pennsylvania, for Appellants. David P. Donovan, Brigida Benitez, John E. Smith, WILMER, CUTLER & PICKERING, Washington, D.C.; William S. Brown, NELSON, MULLINS, RILEY & SCARBOROUGH, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-appellant Lisa Jones brought suit against defendant-appellee American Cyanamid claiming that she contracted polio through contact with an unknown individual who had recently been administered with a defective dose of polio vaccine manufactured by defendant. After discovery, the parties filed cross-motions for summary judgment, both of which were granted in part and denied in part. Judgment was entered in favor of the defendant, however, because the district court granted summary judgment for defendant on the issue of causation, which, under South Carolina law, is an essential element of plaintiff's tort case. Both parties appeal. Because we conclude that plaintiff has not presented sufficient evidence tending to show that any alleged defect in defendant's polio vaccine caused her particular injury, we affirm the judgment entered in favor of the defendant. We

2

also vacate as moot the remaining elements of the judgment entered in favor of Jones.

Plaintiff-appellant claims that she contracted polio through contact with an unknown individual who had recently received a dose of defendant's defective polio vaccine. Specifically, plaintiff has presented evidence that defendant American Cyanamid, acting in violation of federal safety regulations, used an overly virulent type III "polio seed" to derive vaccine lots for type III polio. Plaintiff insists that this violation of federal regulations constituted negligence per se under South Carolina law. If this alleged negligence on the part of American Cyanamid were in fact the true cause of plaintiff's illness, then plaintiff would have contracted type III polio because there are three distinct types of polio and each one is caused only by a distinct type of poliovirus (types I, II, and III).

The district court entered summary judgment in favor of defendant on the issue of causation because Jones had failed to present any evidence tending to establish that it is more likely than not she contracted type III polio. The district court reasoned as follows:

> During this case, it has been represented to the court that a determination of the specific type of polio is ascertainable only if doctors perform definitive tests at an early state in the onset of polio. Past a certain point in the progression of polio, it becomes impossible to determine with certainty which of the three types of polio is involved. . . .
>
> Jones admits that there is no way to diagnose what specific type of polio she has. Because definitive tests for polio were never performed on Jones at the onset of her illness, it is now impossible to determine with 100% accuracy whether she has type 3 polio.
>
> Jones claims she has experts who will testify that, historically, type 3 polio is the most common to arise from Cyanamid's vaccine. Apparently, this testimony will be in the nature of statistics and the experts will assign a percentage to the likelihood that Jones has type 3 polio. Jones asks the court to apply the following reasoning: "Since most cases of

3

contact polio are Type III, and Type III is genetically the most unstable, with a history of neurovirulence, a jury could well infer it was the Type III component, in particular, that caused Lisa Jones' illness." As Cyanamid noted at the February 18, 1997 hearing, it has experts who will testify that type 1 or type 2 polio is more common in contact cases such as this one. . . .

Viewing the facts in the light most favorable to Jones, the court concludes that there is insufficient evidence for a jury to reasonably determine whether Jones has type 1, type 2, or type 3 polio. . . .

Jones does not have an expert who can say, based on Jones' medical history and medical data, that it is more probable than not that she suffers from type 3 polio. Even though that would be an impossible task, it would be inappropriate to allow a jury to make the logical leap from testimony that a certain percentage of polio victims have type 3 polio to the conclusion that Jones has type 3 polio. As a result, Jones is unable to sufficiently demonstrate that a reasonable jury could find that it is more probable than not that she has type 3 polio.

J.A. at 3432-34. While the district court appears to have based its conclusion upon a view that statistical evidence cannot, as a matter of law, suffice to make a causation case, and while we are not convinced that South Carolina courts would refuse to allow plaintiffs to establish causation through statistical evidence, we nevertheless conclude the district court reached the proper conclusion in this case because plaintiff has not presented <u>any</u> legally sufficient evidence -- medical history evidence, statistical evidence, or other -- to create a triable issue of fact that it is more likely than not that Jones contracted type III polio.

Under South Carolina law, in a tort case "where a medical causation issue is not one within the common knowledge of the layman," the plaintiff must present "medical expert testimony" in order to establish causation. <u>Goewey</u> v. <u>United States</u>, 886 F. Supp. 1268, 1279 (D.S.C. 1995). Clearly, whether plaintiff contracted type III

4

polio from defendant's allegedly defective vaccine is a causation question beyond the common knowledge of the layman, and plaintiff has not presented expert medical testimony sufficient to defeat summary judgment on causation. First, plaintiff has presented no direct medical history evidence from any experts that she has type III polio. Plaintiff has designated ten experts, none of whom was designated to testify that Lisa Jones had type III polio. J.A. at 1190-1204, 1681-89. Furthermore, when Jones became ill in 1983, presumably before it became too late to determine what, if any, type of polio she had contracted, she was admitted to a hospital where she received extensive testing for polio, and neither blood tests, stool samples, nor cerebrospinal fluid tests disclosed that she had type III polio. See J.A. 609-10, 668, 670, 672, 677, 679. In fact, although her treating physician referred to her paralysis as "polio-like," J.A. at 690, and while other doctors suspected polio, her 1984 hospital discharge summary concluded that "it was impossible to arrive at a definitive diagnosis" and thus it did not even diagnose Jones with any type of polio, let alone type III polio. J.A. at 609-10, 681-82, 684.

Second, although plaintiff purports to rely upon statistical evidence, she has failed to present any expert statistical evidence tending to establish that it is more likely than not that she has type III polio. Plaintiff's statistical theory is that, because she contracted her polio through contact (so-called "contact polio"), and because type III polio is the most likely type of polio to be transmitted through contact, she has therefore presented evidence that she likely has type III polio. However, her only evidence regarding the likelihood of transmitting type III polio through contact consists of various articles from academic journals and other studies, J.A. 364-69, 695-704, 1025-27, 1254-61, 1227-38, 1361-85, 2025, none of which are accompanied by any expert witness testimony to interpret the data.* Under South Carolina law, plaintiff cannot create a jury question simply by citing to an array of medically sophisticated academic journal articles and

_____

*Although plaintiff does cite to the testimony of Dr. Hackell, one of the defendant's experts, that testimony does not establish that type III is more likely to cause contact polio than types I or II. J.A. at 1025-26 ("Q: Why is there more Type III contact recipient polio than Type I or Type II? A: It's not known for certain. People have postulated that there may be a relationship . . . . I don't know that has been proven.").

5

studies consisting primarily of charts and graphs without offering any accompanying expert testimony to interpret and explain the data. Obviously, such a morass of scientific data, without any explanatory testimony, could not be presented to a jury, and therefore plaintiff has not created a jury question simply by alerting the court's attention to such scientific charts and graphs. Plaintiff has therefore failed to present any competent expert medical testimony tending to establish that it is more likely than not that plaintiff Jones contracted type III polio.

Alternatively, plaintiff insists that once she has shown that defendant's type III vaccine is defective, the burden of proof should then shift to the defendant to prove that plaintiff does <u>not</u> have type III polio. Plaintiff's "burden shifting" theory, however, is contrary to the law of South Carolina which clearly establishes that causation is an essential element of a plaintiff's tort case upon which the plaintiff bears the burden of persuasion, <u>Bragg</u> v. <u>Hi-Ranger, Inc.</u>, 462 S.E.2d 321, 326 (S.C. Ct. App. 1995), and none of the cases cited by plaintiff support application of plaintiff's novel "burden shifting" theory under South Carolina law in a case such as this.

Therefore, because we conclude that the district court properly entered judgment in favor of defendant Cyanamid on the grounds that plaintiff failed to present any evidence tending to show that it is more likely than not that she contracted type III polio, the judgment entered in favor of defendant is affirmed. Furthermore, because causation is an essential element of plaintiff's tort case under South Carolina law, we vacate as moot the remainder of the district court's judgment, particularly as it relates to defendant's liability.

<u>AFFIRMED IN PART AND VACATED IN PART</u>

6